United States District Court
Southern District of Texas
**ENTERED**
March 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY ALBRITTON and LANDON ALBRITTON, | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. H-16-2662 |
| THE CITY OF HOUSTON, TEXAS, HARRIS COUNTY, TEXAS, HARRIS COUNTY DISTRICT ATTORNEY PATRICIA LYKOS, DUC NGUYEN,[1] and DAVID HELMS, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending are Defendants City of Houston and David Helms's Motion to Dismiss (Document No. 10), Defendants Harris County, Texas and Harris County District Attorney Patricia Lykos's Motion to Dismiss Pursuant to FRCP 12(b)(6), or Alternatively, Motion for FRCP 7(a)(7) Reply Regarding Qualified Immunity, or Alternatively, Motion for a More Definite Statement Pursuant to FRCP 12(e) (Document No. 13), Defendant Duc Nguyen's Motion to Dismiss (Document No. 19), Defendants City of Houston, David Helms, and Duc Nguyen's Supplemental Motion to Dismiss (Document No. 27), and the Supplemental Motion to Dismiss by Defendants Harris County, Texas and Harris County District Attorney Patricia Lykos (Document

---

[1] Plaintiffs identify Defendant Nguyen as "Due Nguyen," but his own pleadings identify him as "Duc Nguyen."

No. 28). After carefully considering all of the written submissions and applicable law, the Court concludes that Defendants' motions should be granted.

## I. Background

This suit arises from the August 3, 2010 arrest and subsequent imprisonment of Plaintiff Amy Albritton ("Albritton") for possession of a substance initially--but mistakenly--identified as cocaine.[2] The substance was found in a car in which Albritton was riding as a passenger, after Defendants Duc Nguyen ("Nguyen") and David Helms ("Helms") of the Houston Police Department stopped the car for a traffic violation.[3] The officers employed a field test kit on the substance, which tested positive for cocaine,[4] and then arrested Albritton for possession of a controlled substance.

Albritton was prosecuted by the office of Defendant Harris County District Attorney Patricia Lykos ("Lykos"), who was "working in an official capacity for" Defendant Harris County, Texas (the "County").[5] A subordinate of Lykos offered Albritton the opportunity to plead guilty and receive a 45-day jail sentence, rather than face the possibility of up to two years in prison if

---

[2] See Document No. 1 (Compl.).

[3] Id. ¶ 13.

[4] Id. ¶ 14.

[5] Id. ¶ 16.

convicted at trial.[6] Albritton alleges that the prospect of serving two years in prison was "unthinkable" because she was "the sole care provider for her then sixteen (16) year old minor son, Plaintiff Landon Albritton, who suffered from cerebral palsy," and who was confined to a wheelchair and wholly dependant on Albritton for his daily care.[7] Although Albritton "consistently and persistently tried to explain that she was innocent and that she knew nothing about any controlled substance in the car," she pleaded guilty to felony possession of a controlled substance two days after her arrest.[8]

Albritton alleges that the County and Lykos failed to have the Harris County Crime Lab test the substance and, instead, relied "upon the accuracy of the $2 field test" which they "either knew, or should have known by the exercise of due diligence . . . was not reliable."[9] Albritton alleges that "the field test kits here at issue produced false positive results so frequently that they cannot even be admitted as evidence in most United States jurisdictions."[10] Albritton further alleges that Defendant the City of Houston (the "City"), along with Nguyen and Helms, likewise knew

---

[6] Id.

[7] Id. ¶ 18.

[8] Id. ¶¶ 17, 19.

[9] Id. ¶ 20.

[10] Id.

or should have known that the field test kits were unreliable, and that "[a]lternatively, they falsified positive field test results and simply made up the cocaine possession allegation with no basis in fact whatever."[11]

In February 2011, months after Albritton had completed her jail term, the Harris County Drug Laboratory tested the substance found in the car and found that what the field test had shown positive for cocaine was not in fact a controlled substance.

More than three years after this exonerating test was performed, in July 2014, the Harris County District Attorney's Office mailed a letter to Albritton to inform her of the results.[12] The letter was mailed to the address where Albritton lived when she was arrested, but Albritton had been evicted from that apartment years earlier as a result of her imprisonment and did not receive the letter.[13] Albritton alleges that she did not learn of the exonerating laboratory results until August 2015 when she "was contacted by reporters who had gained information and knowledge of the letter and the results obtained from the [Harris] County Drug

---

[11] Id. ¶ 21.

[12] Id. ¶ 25.

[13] Id.

Laboratory."[14]   Albritton filed a habeas petition, and her conviction was set aside in July 2016.[15]

Albritton and her son filed this suit against the County, Lykos, the City, Nguyen, and Helms on September 1, 2016, alleging claims under 42 U.S.C. § 1983 for: (1) violation of Albritton's Fourth Amendment right to be free from unconstitutional searches and seizures, and of her Fifth and Fourteenth Amendment right to due process; (2) violation of Landon Albritton's Fourteenth Amendment right to family integrity and to associate with his mother; and (3) conspiracy to violate Plaintiffs' civil rights.[16]

Helms, Nguyen, and the City move for dismissal under Rule 12(b)(6), arguing that Albritton's claims are time-barred and that Landon Albritton's claim fails because Plaintiffs do not allege that Defendants intended to interfere with his relationship with his mother.[17] The County and Lykos make these same arguments for dismissal under Rule 12(b)(6), and also argue that: (1) the County is not liable for the actions of the District Attorney's Office acting in its prosecutorial capacity as an agent of the State of Texas; (2) Plaintiffs have not alleged facts supporting a claim for

---

[14] Id.

[15] See Document No. 10-2 at 6 of 9 (Set Aside Order).

[16] Document No. 1 ¶¶ 26-35.

[17] Document Nos. 10, 19, 27.

county liability; (3) Lykos is entitled to absolute prosecutorial immunity; and (4) Lykos is entitled to qualified immunity.[18]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[18] Document Nos. 13, 28.

misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 127 S. Ct. at 1964-65.

### III. <u>Analysis</u>

A. <u>Timeliness of Amy Albritton's Claims</u>

Defendants argue that Amy Albritton's claims are subject to dismissal as untimely based on the applicable two-year statute of limitations.[19] <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) ("Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period. [Citation omitted.] Texas' general personal injury limitations period is two years.") (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." <u>Jones v. Alcoa, Inc.</u>, 339 F.3d 359, 366 (5th Cir. 2003).

---

[19] Document No. 10 at 4-5; Document No. 13 at 4-6; Document No. 19 at 4-5.

7

Although the parties made a variety of arguments regarding the statute of limitations in their initial briefing, the timeliness of Albritton's claims is squarely controlled by two Supreme Court decisions, which the parties have addressed in their supplemental briefs.[20]

First, Section 1983 claims challenging an unconstitutional conviction or imprisonment are controlled by Heck v. Humphrey:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

114 S. Ct. 2364, 2372 (1994) (footnote omitted). Because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," "the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." Id. at 2374.

---

[20] See Document Nos. 26-28. Defendants have consistently argued that Albritton's claims are timed-barred, and they have never waived their statute of limitations defense, as Albritton argues.

Section 1983 claims for false arrest, in contrast, are controlled by Wallace v. Kato, which held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 127 S. Ct. 1091, 1100 (2007). Thus, damages for a false arrest claim "cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Id. at 1096 (citations omitted). The Court held in Wallace that Heck does not bar a false arrest claim because such a claim accrues before a conviction exists, and that equitable tolling does not apply while a conviction arising from the challenged arrest is in place. Id. at 1097-1100; see also Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008) (explaining that Wallace abrogates prior Fifth Circuit determination that a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused).

Albritton's Complaint appears to allege three constitutional violations all as part of her § 1983 claim in Count One: (1) false arrest by Nguyen and Helms, for which the City is allegedly responsible based on its failure to train its officers and its use of the faulty drug test kits; (2) wrongful prosecution by the

9

County and Lykos; and (3) consequent false imprisonment without just cause.[21] Plaintiffs' Count Three, pled with the title and aura of a civil conspiracy, essentially alleges the same claims against the City, its officers, and the County, and is therefore subject to the same statute of limitations analysis.[22] *See* Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987) (statute of limitations for a civil conspiracy claim under § 1983 accrues "as soon as plaintiff knew or should have known of the overt acts involved in the alleged conspiracy").

Under Wallace, Albritton's false arrest claim accrued when she was arraigned in August 2010, more than six years before she filed this suit, and her false arrest claim is therefore time-barred.

To the extent that Albritton pleads a failure to train claim against the City as distinct from her false arrest claim against Nguyen and Helms, the statute of limitations analysis is the same because it is based on the same underlying alleged constitutional violation. *See* Allen v. Hatch, No. CIV. A. CV207-113, 2009 WL 734762, at *2 (S.D. Ga. Mar. 19, 2009) ("As Plaintiff's claims against Defendant [police chief] Hatch stem from the alleged false arrest, Plaintiff's claims for failure to train and to supervise made against Defendant Hatch likewise are barred by the applicable statute of limitations."); Lasko v. Leechburg Police Dep't,

---

[21] *See* Document No. 1.

[22] Id. ¶¶ 32-35.

No. CIV.A. 12-1421, 2013 WL 2404145, at *8 (W.D. Pa. May 31, 2013) ("Because the 'failure to train' claims are in this regard inexorably intertwined with the core [alleged constitutional violations], they to are governed by the same statute of limitations analysis and application."). Albritton has not alleged facts suggesting that the City, Helms, and Nguyen were involved in her prosecution or subsequent imprisonment. Accordingly, Albritton's claims against the City, Helms, and Nguyen, which arise from their involvement in her August 2010 arrest up until her detention pursuant to legal process later that same month, are barred by limitations.

In contrast, under <u>Heck</u>, Albritton's claims against the County and Lykos for wrongful prosecution and false imprisonment did not accrue until her conviction was set aside in July 2016, and she timely filed her Complaint less than two months later. Because Albritton's § 1983 claims against the County and Lykos for wrongful prosecution and false imprisonment are timely, the Court must consider their remaining arguments for dismissal.

B. <u>Amy Albritton's Claims Against Harris County</u>

The County argues that Albritton's claims against it should be dismissed because the County cannot be held liable for acts of the Harris County District Attorney's Office undertaken in its

11

prosecutorial function as an agent of the State of Texas.[23] "Texas law makes clear . . . that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted." Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997); accord Echols v. Parker, 909 F.2d 795, 801 (5th Cir. 1990) ("A county official pursues his duties as a state agent when he is enforcing state law or policy."). "Given that a district attorney represents the state in criminal prosecutions, the county, which has no affirmative control over the prosecutor's decisions in a particular case, should not be held liable when a prosecutor engages in unconstitutional conduct during a criminal proceeding." Esteves, 106 F.3d at 678.

Albritton's Complaint neither identifies any County employee or agent involved in her arrest nor alleges any facts to support her conclusory assertion that at the time of Albritton's arrest and guilty plea the County knew or should have known that the field test upon which the arresting officers relied was defective. But even if her claim were pled with greater specificity, it is clear that the County's employees who were involved in Albritton's prosecution were at all times "acting in the prosecutorial capacity to enforce state penal law" as agents of the State of Texas, such

---

[23] Document No. 13 at 9-11.

that the County cannot be held liable for any constitutional violations they may have committed. Esteves, 106 F.3d at 678.

Albritton relies on Estate of Lagano v. Bergen County Prosecutor's Office, in which the Third Circuit reversed the district court's dismissal of claims against a county based on the actions of its prosecutor's office. 769 F.3d 850 (3d Cir. 2014). The complaint in Lagano alleged that the county prosecutor's Chief of Detectives had maintained a personal and business relationship with Lagano and had repeatedly recommended an attorney to Lagano, and that the county prosecutor's office revealed Lagano's identity as an informant to members of organized crime families, which resulted in Lagano's murder. Id. The court held that these allegations "support a reasonable inference" that the county's agents were not acting "within their classic investigatory and prosecutorial functions." Id. at 856.

Nothing remotely resembling the allegations in Lagano is alleged by Albritton. Instead, Albritton premises the County's liability on the District Attorney's Office's use of unreliable evidence as part of its actual prosecution and conviction of Albritton, its lack of appropriate policies related thereto, and its offer of a plea bargain to Albritton. These allegations involve "classic law enforcement and investigative functions" carried out by the District Attorney's Office in its prosecutorial

13

capacity as an agent of the state. <u>Id.</u> at 855. Accordingly, Albritton's claims against the County are subject to dismissal.

C. <u>Amy Albritton's Claims Against Lykos</u>

Lykos argues that Albritton's claims against her are subject to dismissal because Lykos is entitled to absolute prosecutorial immunity.[24] It is well established that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." <u>Imbler v. Pachtman</u>, 96 S. Ct. 984, 995 (1976); see also <u>Loupe v. O'Bannon</u>, 824 F.3d 534, 539 (5th Cir. 2016) ("A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as 'advocate for the state' in the courts, or when her conduct is 'intimately associated with the judicial phase of the criminal process.'") (citation omitted). Albritton's only claim against Lykos--that her office wrongfully prosecuted Albritton without probable cause for a crime of which she was actually innocent--falls squarely within this absolute prosecutorial immunity.[25]

Albritton concedes in both her Complaint and her response to Lykos's motion to dismiss that typically, prosecutors are immune from § 1983 claims, but she argues that because prosecutors'

---

[24] Document No. 13 at 16-18.

[25] Document No. 1 ¶ 28.

14

absolute immunity does not extend to giving legal advice to police,[26] she is "entitled to discovery on this claim to see the extent to which the DA encouraged the use of the manifestly unreliable test kits."[27] In her response, Albritton further explains that "should discovery reveal, for instance, that Lykos encouraged local police to use the field test kit, regardless of its abysmal record of inaccuracy, so that she could boost drug conviction rates to enhance her standing with voters, such conduct would not be a protected prosecutorial activity."[28]

Albritton's position that she is entitled to maintain on the docket of the Court a suit subject to dismissal under Rule 12(b)(6) simply to conduct discovery in search of a viable claim is wholly without merit. See Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) (request for discovery before filing amended pleading "is unsupported and defies common sense" because the "purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"). "Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff

---

[26] See Burns v. Reed, 111 S. Ct. 1934, 1943 (1991) ("We do not believe, however, that advising the police in the investigative phase of a criminal case is so 'intimately associated with the judicial phase of the criminal process,' that it qualifies for absolute immunity.") (internal citation omitted).

[27] Document No. 1 ¶ 28; Document No. 16 at 25.

[28] Document No. 16 at 25.

to make a case when his complaint has failed to state a claim." <u>Kaylor v. Fields</u>, 661 F.2d 1177, 1184 (8th Cir. 1981); *see also* <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[A] motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.") (footnote omitted). Because Albritton has not stated a claim against Lykos that is outside the scope of her absolute prosecutorial immunity, Albritton's claims against Lykos must be dismissed.

D.  <u>Landon Albritton's Claim</u>

Landon Albritton alleges a claim against all Defendants for

> violations of his Fourteenth Amendment guaranteed constitutional, fundamental liberty interest and his due process right to family integrity and his right to associate with his mother during the portion of his minority during which she was wrongfully and falsely arrested and imprisoned. . . . Plaintiff Landon Albritton, then a sixteen-year old boy with cerebral palsy, profound limitations and an entire dependency on his mother, Plaintiff Amy Albritton, was accorded no due process at all. His mother was wrongfully convicted of a crime she did not commit and his enormous needs for her care and nurture and the integrity of their familial relationship were accorded no consideration at all.[29]

Defendants argue that this claim must be dismissed because Landon Albritton has not alleged that Defendants intentionally deprived

---

[29] Document No. 1 ¶ 31.

16

him of his right to familial association.[30] *See* Molette v. City of Alexandria, No. CIV.A. CV040501A, 2005 WL 2445432, at *6 (W.D. La. Sept. 30, 2005) ("Plaintiffs have not alleged Defendants intentionally deprived them of their right to familial association. Therefore, Plaintiffs have failed to properly allege a cause of action for deprivation of familial association.") (citing Trujillo v. Bd. of Cty. Comm'rs, 768 F.2d 1186, 1190 (10th Cir. 1985)).

Plaintiffs do not allege that any Defendant had knowledge of Landon Albritton's relationship to his mother, much less that any Defendant arrested and imprisoned Amy Albritton with the intent to interfere with that relationship. The separation of family members is an often tragic but nonetheless commonplace consequence of imprisonment, yet Plaintiffs cite no authority suggesting that wrongful prosecution or imprisonment alone may give rise to a family member's claim for violation of his or her right to familial association. Instead, "virtually all . . . Circuits considering the issue have determined that, when family members have been deprived of an adult family member, a defendant's intent to interfere with the relationship is a necessary component to show a protected liberty interest existed in maintaining that relationship." Rindfleisch v. Wright, No. 9:09-CV-824 FJS/RFT, 2010 WL 8522545, at *5 (N.D.N.Y. Aug. 27, 2010) (collecting cases),

---

[30] Document No. 10 at 6; Document No. 13 at 23-24; Document No. 19 at 6.

*report and recommendation adopted*, No. 9:09-CV-824 FJS/RFT, 2012 WL 1037681 (N.D.N.Y. Mar. 27, 2012); *see also, e.g.*, Trujillo, 768 F.2d at 1190 ("[W]e conclude that an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983. . . . The alleged conduct by the State, however improper or unconstitutional with respect to the [plaintiff's] son, will work an unconstitutional deprivation of the freedom of intimate association only if the conduct was directed at that right."); Dyer v. City of Mesquite, No. 3:15-CV-2638-B, 2016 WL 2346740, at *6 (N.D. Tex. May 3, 2016) ("[O]nly 'state action that *purposefully* interfered with the family relationship' has been found to violate a parent's substantive due process right.") (quoting Russ v. Watts, 414 F.3d 783, 790 (7th Cir. 2005)). Because Landon Albritton has not alleged that any Defendant arrested or imprisoned his mother with the intent to interfere with his relationship with her, his claim must be dismissed.[31]

---

[31] Landon Albritton additionally fails to state a claim against the County and Lykos because the County's employees at all times were acting in their prosecutorial capacity as agents of the State of Texas and because Lykos is entitled to absolute prosecutorial immunity, as held above.

IV. Order[32]

For the foregoing reasons, it is

ORDERED that Defendants City of Houston and David Helms's Motion to Dismiss (Document No. 10), Defendants Harris County, Texas and Harris County District Attorney Patricia Lykos's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Document No. 13), Defendant Duc Nguyen's Motion to Dismiss (Document No. 19), Defendants City of Houston, David Helms, and Duc Nguyen's Supplemental Motion to Dismiss (Document No. 27), and Defendants Harris County, Texas and Harris County District Attorney Patricia Lykos's Supplemental Motion to Dismiss (Document No. 28) are GRANTED and Plaintiffs' claims against all Defendants are DISMISSED on the merits with prejudice. A Final Judgment will be entered separately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 28TH day of March, 2017.

Ewing Werlein Jr.
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[32] Plaintiffs at the Rule 16 scheduling conference represented that their Complaint states their case as well as they can, even after considering the arguments raised in Defendants' motions to dismiss for failure to state a claim, and thereupon waived making any request to replead if Defendants' motions were granted in whole or in part. See Document No. 22.